UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| KEVIN MATHERLY, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | No. 1:21-cv-02099-JRS-DML |
| ) | |
| KILOLO KIJAKAZI, Acting Commissioner ) | |
| of Social Security, ) | |
| ) | |
| Defendant. ) | |

**Order**

Defendant filed a Motion to Dismiss Complaint, or, alternatively, for Summary Judgment, (ECF No. 20), seeking dismissal of Plaintiff Kevin Matherly's Complaint for lack of subject-matter jurisdiction. Matherly has responded. For the following reasons, the motion to dismiss is **granted**.

**Background**

In 2009, Plaintiff Kevin Matherly ("Matherly") filed applications for Disability Insurance Benefits ("DIB") and Supplemental Security Income ("SSI"), alleging disability since 2008. (K. Johnson Decl. ¶ 5 & Exs. 1 & 2, ECF No. 20-1.) In his DIB application, Matherly agreed to notify the SSA about all events as had been explained to him. (*Id.*) Matherly's reporting responsibilities for DIB benefits included the duty to inform SSA if "you return to work . . . regardless of the amount of earnings." (ECF No. 20-1 at 5.) The application advised that the failure to report "may result in overpayments that must be repaid." (*Id.*) Similarly, the SSI application instructed Matherly to report to the SSA changes in income, if he "starts work or stops work,"

and if his earnings "go up or down." (K. Johnson Decl., Ex. 2, ECF No. 20-1 at 21–22.)

In about July 2018, SSA initiated a Work Continuing Disability Review to determine whether Matherly was still eligible to receive benefits. As part of the review, Matherly completed a Work Activity Report, which indicated he had been working at a Bob Evans Restaurant between 2016 and 2018. (K. Johnson Decl. ¶ 5(e)–(h), ECF No. 20-1.) SSA sent Matherly a Notice of Proposed Decision, in December 2018, explaining that although some of his work at Bob Evans met the agency's definition of "substantial gainful activity" ("SGA"), he was still entitled to benefits because his work after March 2018 was no longer SGA. (Compl. at 3, ECF No. 1; Notice of Proposed Decision, ECF No. 1-4.) Later that month, SSA sent Matherly a Notice of Disability Cessation, explaining that because he had performed SGA after his trial work period ended, his disability had ceased under SSA's rules. (K. Johnson Decl., ¶ 5(j), ECF No. 20-1.) The Notice emphasized that Matherly "must tell [SSA] right away about any changes that may affect [his] benefits," including if he "went to work . . . or return[s] to work in the future," or if his "duties or pay changed," and that if he failed to report such changes, he "may have to repay any benefits that are not due." (ECF No. 20-1 at 58.)

In October 2019, SSA became aware that Matherly was engaged in additional work as a bus driver for Noblesville Schools. (ECF NO. 20-1 at 61.) SSA asked Matherly's employer for information about his earnings, and Matherly was required to fill out a new Work Activity Report. (ECF No. 20-1 at 63–72.) SSA sent Matherly

2

a Notice of Proposed Decision explaining that because he had returned to SGA as a bus driver for Noblesville Schools, he was likely not entitled to benefits he had received and might not be eligible for ongoing benefits. (K. Johnson Decl. ¶ 5(n), ECF No. 20-1.)

In February 2020, the SSA sent Matherly a Notice of Proposed Decision, stating that because he had returned to SGA, he was not entitled to DIB from January to May 2019, or from August to October 2019, and as a result had been overpaid $17,964. (K. Johnson Decl. ¶ 5(n)–(o), ECF No. 20-1 at 80–85.) The Notice explained Matherly's right to appeal the overpayment determination and right to ask SSA to waive recovery of the overpayment. (K. Johnson Decl. ¶ 5(o); ECF No. 20-1 at 85.) Matherly appealed the decision. (*Id.* ¶ 5(p).)

In March 2020, Matherly asked SSA to waive collection of the overpayment; his request was denied. (ECF No. 20-1 at 99–102.) However, SSA informed Matherly that he could request review by an administrative law judge. (K. Johnson Decl. ¶ 5(t); ECF No. 20-1 at 102.) Matherly did not request such review.

In October 2020, SSA made its reconsideration decision, denying Matherly's appeal, affirming the determination that he was not entitled to DIB because he was performing SGA. (ECF No. 20-1 at 95.) Matherly was advised that he could appeal the decision by requesting a hearing before an administrative law judge. (K. Johnson Decl. ¶ 5(r); ECF No. 20-1 at 96.) He did not request such a hearing.

## Discussion

"Subject-matter jurisdiction is the first question in every case, and if the court concludes that it lacks jurisdiction it must proceed no further." *State of Illinois v. City of Chicago*, 137 F.3d 474, 478 (7th Cir. 1998). Federal Rule of Civil Procedure 12(b)(1) requires dismissal of claims over which the court lacks subject-matter jurisdiction. Fed. R. Civ. P. 12(b)(1). When a complaint seeks to invoke the district court's jurisdiction under 42 U.S.C. § 405(g), the Court must dismiss the complaint under Rule 12(b)(1) if the plaintiff has failed to exhaust administrative remedies as required by the Social Security Act. *Martin v. Shalala*, 63 F.3d 497, 502 (7th Cir. 1995). In deciding a Rule 12(b)(1) motion, the Court accepts the truth of the allegations in the complaint, and it may look beyond the complaint's jurisdictional allegations and view whatever evidence has been submitted on the issue to determine whether subject-matter jurisdiction exists. *Ciarpaglini v. Norwood*, 817 F.3d 541, 543 (7th Cir. 2016).

In moving to dismiss, the Commissioner argues that Matherly never exhausted his administrative remedies and, therefore, the Court lacks subject-matter jurisdiction. Under 42 U.S.C. § 405(h), "[n]o action against the United States, the Commissioner of Social Security, or any officer or employee thereof shall be brought under section 1331 or 1346 of title 28 to recover on any claim arising under" the Social Security Act. Section 405(h) "bars district court federal-question jurisdiction over suits, such as this one, which seek to recover Social Security benefits." *Weinberger v. Salfi*, 422 U.S. 749, 757 (1975).

"The only avenue for judicial review is 42 U.S.C. § 405(g), which requires exhaustion of the administrative remedies provided under the Act as a jurisdictional prerequisite." *Mathews v. Eldridge*, 424 U.S. 319, 327 (1976). Thus, if this Court has jurisdiction over Matherly's claims, that jurisdiction must come from § 405(g). *See id.* "[The exhaustion requirement of § 405(g) consists of a nonwaivable requirement that a 'claim for benefits shall have been presented to the [Commissioner], and a waivable requirement that the administrative remedies prescribed by the [Commissioner] be pursued fully by the claimant." *Heckler v. Ringer*, 466 U.S. 602, 617 (1984) (quoting *Matthews*, 424 U.S. at 328). Matherly met the nonwaivable requirement by presenting his claim to the Commissioner; but he has not met the exhaustion-of-administrative-remedies requirement.

SSA's four-step administrative review process consists of an initial determination, reconsideration, a hearing before an administrative law judge, and appeal council review. 20 C.F.R. § 404.900(a). If a person has completed the four-steps, and SSA has made a final decision, then the person may seek judicial review in federal court. *Id.* § 404.900(a)(5). A determination that a beneficiary has been overpaid and a determination that an overpayment must be repaid are initial determinations subject to SSA's administrative review process. *Kinkle v. Colvin*, 618 F. App'x 863, 864 (7th Cir. 2015) (claimant must exhaust administrative remedies before challenging in federal court the agency's recoupment of an overpayment of benefits); 20 C.F.R. § 404.506; 20 C.F.R. § 404.902(j)–(k). Here, Matherly did not proceed beyond the

5

second step—he did not seek a hearing before an administrative law judge. Therefore, he did not exhaust his administrative remedies.

A court can waive the exhaustion requirement where a claimant raises a colorable constitutional challenge "entirely collateral to his claim of entitlement" and the "claimant's interest in having [the] particular issue resolved promptly is so great that deference to the agency's judgment is inappropriate." *Eldridge*, 424 U.S. at 330–31. Matherly does not raise such a claim here. And the Commissioner has not waived the exhaustion requirement.

While Matherly has filed a response to the motion to dismiss, (ECF No. 24), he has not challenged the Commissioner's exhaustion arguments. Instead, Matherly argues that he cannot afford repayment of the overpayment and that SSA bears responsibility for the overpayment. But, without subject-matter jurisdiction, the Court cannot even entertain these matters. Because Matherly did not exhaust his administrative remedies before filing this action, the Court lacks subject-matter jurisdiction and the case must be dismissed. And without jurisdiction, the Court has no authority to rule on Matherly's pending motions, which are denied as moot.

## Conclusion

For the reasons stated above, the Court **GRANTS** the Commissioner's Motion to Dismiss, (ECF No. 20), and dismisses this action for lack of subject-matter jurisdiction. All other pending motions are **denied as moot**. The Clerk is directed to enter final judgment.

**SO ORDERED.**

Date: 06/07/2022

_____
JAMES R. SWEENEY II, JUDGE
United States District Court
Southern District of Indiana

Distribution by U.S. mail:

KEVIN MATHERLY
10982 Chapel Woods Blvd S
Noblesville, IN 46060

Distribution by CM/ECF:

Julie Lorraine Bentz
SOCIAL SECURITY ADMINISTRATION
julie.bentz@ssa.gov

Michael Jason Scoggins
SOCIAL SECURITY ADMINISTRATION
jason.scoggins@ssa.gov

Julian Clifford Wierenga
UNITED STATES ATTORNEY'S OFFICE (Indianapolis)
julian.wierenga@usdoj.gov